1

2

3

4

**UNITED STATES DISTRICT COURT**

5

**SOUTHERN DISTRICT OF CALIFORNIA**

6

7    AMERANTH, INC.,

8                                    Plaintiff,

9

10

11

12         vs.

13

14

15

16    PIZZA HUT, INC.; PIZZA HUT OF
      AMERICA, INC.; DOMINO'S PIZZA, LLC;
17    DOMINO'S PIZZA, INC.; PAPA JOHN'S
      USA, INC.; OPENTABLE, INC.;
18    GRUBHUB, INC.; EXIT 41, LLC;
      QUICKORDER, INC.; SEAMLESS NORTH
19    AMERICA, LLC; O-WEB
      TECHNOLOGIES LTD,
20
                                   Defendants.
21    _____

22    AND RELATED CASES.
      _____
23

CASE NOS. 11-cv-1810 JLS (NLS),
12-cv-742 JLS (NLS), 12-cv-739 JLS
(NLS), 12-cv-737 JLS (NLS),
12-cv-733 JLS (NLS), 12-cv-732 JLS
(NLS), 12-cv-731 JLS (NLS),
12-cv-729 JLS (NLS), 12-cv-858 JLS
(NLS), 12-cv-1659 JLS (NLS),
12-cv-1656 JLS (NLS), 12-cv-1655
JLS (NLS), 12-cv-1654 JLS (NLS),
12-cv-1653 JLS (NLS), 12-cv-1652
JLS (NLS), 12-cv-1651 JLS (NLS),
12-cv-1650 JLS (NLS), 12-cv-1649
JLS (NLS), 12-cv-1648 JLS (NLS),
12-cv-1646 JLS (NLS), 12-cv-1644
JLS (NLS), 12-cv-1643 JLS (NLS),
12-cv-1642 JLS (NLS), 12-cv-1640
JLS (NLS), 12-cv-1636 JLS (NLS),
12-cv-1634 JLS (NLS), 12-cv-1633
JLS (NLS), 12-cv-1631 JLS (NLS),
12-cv-1630 JLS (NLS), 12-cv-1629
JLS (NLS), and 12-cv-1627 JLS (NLS)

**ORDER CONSOLIDATING
CASES FOR PRETRIAL
PURPOSES UP TO AND
INCLUDING CLAIM
CONSTRUCTION**

24         For the reasons set forth below, the Court hereby **CONSOLIDATES** the thirty related cases

25    listed below with *Ameranth v. Pizza Hut, Inc. et al.*, 11-CV-1810, for pretrial purposes up to and

26    including claim construction.

27    ///

28

**BACKGROUND**

The Court has already elaborated much of the relevant background in its previous order, incorporated here for convenience.  (*See* September 19, 2012 Order, 11-CV-1810 ECF No. 271.)

Presently before the court are thirty-one related cases, all involving patent infringingment claims brought by Plaintiff Ameranth, Inc. ("Ameranth") against various Defendants.  In the lead case, *Ameranth v. Pizza Hut, Inc. et al*, Case No. 11-CV-1810 ("lead case" or "1810"), Ameranth brought claims against Defendants Seamless North America, LLC ("Seamless"), OpenTable, Inc. ("OpenTable"), GrubHub, Inc. ("GrubHub"), Domino's Pizza, LLC and Domino's Pizza, Inc. (collectively, "Domino's Pizza"), QuikOrder, Inc. ("QuikOrder"), Pizza Hut, Inc. and Pizza Hut of America, Inc. (collectively, "Pizza Hut"), Papa John's USA, Inc. ("Papa John's"), O-Web Technologies Ltd. d/b/a ONOSYS ("ONOSYS"), and Exit41, LLC ("Exit41") for directly and/or indirectly infringing two of its patents: (1) U.S. Patent Number 6,384,850 ("the '850 patent"); and (2) U.S. Patent Number 6,871,325 ("the '325 patent").  (1810, ECF No. 104.)

In seven later cases, all filed on March 27, 2012, Ameranth also separately sued Papa John's[1], Open Table[2], ONOSYS[3], Domino's Pizza[4], Seamless[5], GrubHub[6], and Pizza Hut together with QuickOrder[7].  In each of these cases, Ameranth asserted infringement claims based on a third related patent, U.S. Patent Number 8,146,077 ("the '077 patent").  Pursuant to this Court's order on August 6, 2012, the claims against each of the above Defendants in the lead case were severed and consolidated separately with the seven later cases.  (1810, ECF No. 260.)

Ameranth later filed twenty-three more cases against other Defendants in this district, each of

---

[1] *Ameranth, Inc. v. Papa John's USA, Inc.*, 12-CV-729 JLS (NLS).

[2] *Ameranth, Inc. v. Open Table*, Inc., 12-CV-731 JLS (NLS).

[3] *Ameranth, Inc. v. O-Web Techs. Ltd.*, 12-CV-732 JLS (NLS).

[4] *Ameranth, Inc. v. Domino's Pizza, LLC et al.*, 12-CV-733 JLS (NLS).

[5] *Ameranth, Inc. v. Seamless North America, LLC*, 12-CV-737 JLS (NLS).

[6] *Ameranth, Inc. v. GrubHub, Inc.*, 12-CV-739 JLS (NLS).

[7] *Ameranth, Inc. v. Pizza Hut, Inc. et al.*, 12-cv-742 JLS (NLS).

1   which alleges infringement of all three patents.  On April 6, 2012, Ameranth brought claims against

2   Defendant Agilysys, Inc.[8]  On June 29, 2012, Ameranth brought claims against EMN8, Inc.[9], ATX

3   Innovation, Inc.[10], Micros Systems, Inc.[11], Expedia, Inc.[12], Hotwire, Inc.[13], Wanderspot LLC[14],

4   Fandango, Inc.[15], Usablenet, Inc.[16], Travelocity.com, LP[17], Ticketmaster, LLC[18], Stubhub, Inc.[19],

5   Orbitz, LLC[20], NAAMA Networks, Inc. together with ORDR.IN, Inc.[21], Mobo Systems, Inc.[22], Kayak

6   Software Corporation[23], Hotels.com, LP[24], Hotel Tonight, Inc.[25], Best Western International, Inc.[26],

---

[8]*Ameranth, Inc. v. Agilysys, Inc.*, 12-CV-858 JLS (NLS).

[9]*Ameranth, Inc. v. EMN8, Inc.*, 12-CV-1659 JLS (NLS).

[10]*Ameranth, Inc. v. ATX Innovation, Inc.*, 12-CV-1656 JLS (NLS).

[11]*Ameranth, Inc. v. Micros Systems, Inc*, 12-CV-1655 JLS (NLS).

[12]*Ameranth, Inc. v. Expedia, Inc.*, 12-CV-1654 JLS (NLS).

[13]*Ameranth, Inc. v. Hotwire, Inc.*, 12-CV-1653 JLS (NLS).

[14]*Ameranth, Inc. v. Wanderspot LLC*, 12-CV-1652 JLS (NLS).

[15]*Ameranth, Inc. v. Fandango, Inc.*, 12-CV-1651 JLS (NLS).

[16]*Ameranth, Inc. v. Usablenet, Inc.*, 12-CV-1650 JLS (NLS).

[17]*Ameranth, Inc. v. Travelocity.com, LP*, 12-CV-1649 JLS (NLS).

[18]*Ameranth, Inc. v. Ticketmaster, LLC et al.*, 12-CV-1648 JLS (NLS).

[19]*Ameranth, Inc. v. Stubhub, Inc.*, 12-CV-1646 JLS (NLS).

[20]*Ameranth, Inc. v. Orbitz, LLC*, 12-CV-1644 JLS (NLS).

[21]*Ameranth, Inc. v. NAAMA Networks, Inc. et al.*, 12-CV-1643 JLS (NLS).

[22]*Ameranth, Inc. v. Mobo Systems, Inc.*, 12-CV-1642 JLS (NLS).

[23]*Ameranth, Inc. v. Kayak Software Corporation*, 12-CV-1640 JLS (NLS).

[24]*Ameranth, Inc. v. Hotels.com, LP*, 12-CV-1634 JLS (NLS).

[25]*Ameranth, Inc. v. Hotel Tonight, Inc.*, 12-CV-1633 JLS (NLS).

[26]*Ameranth, Inc. v. Best Western International, Inc.*, 12-CV-1630 JLS (NLS).

1  Starwood Hotels and Resorts Worldwide, Inc.[27], Hyatt Corporation[28], and Mariott International

2  together with the Ritz Carlton Hotel Company, LLC, Marriott Hotel Services, Inc., and Renaissance

3  Hotel Operating Company[29]. Finally, on July 2, 2012, Ameranth brought suit against Hilton Resorts

4  Corporation together with Hilton Worldwide, Inc. and Hilton International Co.[30]

5  **ANALYSIS**

6  Under Federal Rule of Civil Procedure 42(a), this Court can consolidate cases that "involve

7  a common question of law or fact." Fed. R. Civ. P. 42(a). And a district court may *sua sponte*

8  consolidate actions as part of its broad discretion to manage its caseload. *In re Adams Apple*, 829 F.2d

9  1484, 1487 (9th Cir. 1987). A district court may invoke this broad discretion to consolidate cases for

10  discovery purposes even if joinder would not be permitted under Federal Rule of Civil Procedure 20.

11  *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012).

12  Here, Ameranth alleges nearly identical infringement claims based on the '850, '325, and '077

13  patents. Therefore, consolidation for pretrial purposes up to and including claim construction would

14  avoid unnecessary risk of inconsistent claim constructions and best serve the interests of judicial

15  efficiency.

16  On August 19, 2012, the Court directed the parties to show cause why the cases should not be

17  consolidated for pretrial purposes. (1810 ECF No. 271.) The parties did not oppose consolidation,

18  but proposed several recommendations regarding scheduling, claim construction, and discovery.

19  Having reviewed the parties' recommendations, the Court **HEREBY ORDERS**:

20  1. The thirty related cases above are **CONSOLIDATED** for all pretrial issues up to and

21  including claim construction with the lead case, 11-CV-1810. All parties **SHALL FILE** any future

22  motions in the lead case.

23  2. The setting of the Case Management Conference will be addressed by Magistrate Judge

24

25  [27]*Ameranth, Inc v. Starwood Hotels and Resorts Worldwide, Inc.*, 12-CV-1629 JLS (NLS).

26  [28]*Ameranth, Inc. v. Hyatt Hotels Corporation et al.*, 12-CV-1627 JLS (NLS).

27  [29]*Ameranth, Inc. v. Marriott International, Inc. et al.*, 12-CV-1631 JLS (NLS).

28  [30]*Ameranth, Inc. v. Hilton Resorts Corporation et al.*, 12-CV-1636 JLS (NLS).

11cv1810; 12cv742; 12cv739; 12cv737; 12cv733; 12cv732; 12cv731; 12cv729; 12cv858; 12cv1659; 12cv1656; 12cv1655; 12cv1654; 12cv1653; 12cv1652; 12cv1651; 12cv1650; 12cv1649; 12cv1648; 12cv1646; 12cv1644; 12cv1643; 12cv1642; 12cv1640; 12cv1636; 12cv1634; 12cv1633; 12cv1631; 12cv1630; 12cv1629; 12cv1627

1  Nita L. Stormes.  All issues raised regarding proposed limits and timing of  discovery will also be

2  addressed by Magistrate Judge Nita L. Stormes.

3      3.  The proposed grouping of Defendants into industry groups will be addressed by the Court

4  at the Case Management Conference.

5      4.  The claim construction hearing in *Ameranth, Inc. v. Pizza Hut, Inc. et al.*, 11-CV-1810,

6  currently set for October 25, 2012, at 1:30pm (1810, ECF No. 157) is **VACATED**.  A consolidated

7  claim construction hearing will be set after the Case Management Conference is held.

8      5.  The Court does not find that the 49 claims asserted on the '850, '325, and '077 patents

9  create an unnecessarily large burden on the Court and the parties at this time, but will reconsider as

10  necessary during and after discovery.

11      6.  As designated by Defendants, Richard Zembek, Marc Delflache, and Dan Davison of

12  Fulbright & Jaworski LLP will serve as Defendants' liaison counsel to assist the Court in coordinating

13  pre-trial matters.  The primary point of contact for the Court shall be Richard Zembek of Fulbright &

14  Jaworski LLP.

15      **IT IS SO ORDERED**.

16

17  DATED:  October 4, 2012

18  _Janis L. Sammartino_

   Honorable Janis L. Sammartino
   United States District Judge

19

20

21

22

23

24

25

26

27

28

11cv1810; 12cv742; 12cv739; 12cv737; 12cv733; 12cv732; 12cv731; 12cv729; 12cv858; 12cv1659; 12cv1656; 12cv1655; 12cv1654; 12cv1653;
12cv1652; 12cv1651; 12cv1650; 12cv1649; 12cv1648; 12cv1646; 12cv1644; 12cv1643; 12cv1642; 12cv1640; 12cv1636; 12cv1634; 12cv1633;
12cv1631; 12cv1630; 12cv1629; 12cv1627